UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------X
UNITED STATES OF AMERICA,

        Plaintiff,                                   92 CR 01265 (SJ)

   v.

                                                          MEMORANDUM
                                                          AND ORDER

RAMON VELAZQUEZ

        Defendant.

---------------------------------------------------X

A P P E A R A N C E S

MARK J. LESKO
Acting United States Attorney
Eastern District of New York
271 Cadman Plaza East
Brooklyn, NY 11201
By: Ellen H. Sise
*Attorney for the Government*

RAMON VELAZQUEZ, *PRO SE*
Inmate No. 11279-014
Butner, Federal Correctional Institute #2
P.O. BOX 1500
BUTNER, NC 27509-4500

1

**JOHNSON, Senior District Judge:**

Defendant Ramon Velazquez ("Defendant") moves this court to grant him compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) and the First Step Act. Based on the parties' submissions and the following reasons, Velazquez's motion is DENIED.

I.     **Background**

Defendant was the leader of the Velazquez organization, a violent narcotic trafficking organization that imported and distributed multi-ton quantities of cocaine in the United States. On October 6, 1997, Defendant pled guilty to Count One of a fifteen-count superseding indictment. PSR ¶ 1. Count One charged that Defendant intentionally engaged in a continuing criminal enterprise in that he violated 21 U.S.C. §§ 841 and 846, as part of a series of continuing violations committed by the Defendant, in concert with five or more persons, whom the Defendant organized, supervised, or managed, and from which the Defendant obtained substantial income and resources in violation of 21 U.S.C. § 848(a). *Id.* On December 30, 1997, the Court sentenced Defendant to one life sentence followed by five years of supervised release. (Dkt. No. 240). Velazquez has been incarcerated since

his arrest on November 17, 1992. He is currently housed at FCI Butner Medium II, a medium security facility in North Carolina.

Defendant argues that his stated medical conditions and age put him at risk of severe illness or death from COVID-19, and he should be released. The Court disagrees.

## II. Discussion

To modify an imposed term of imprisonment under the relevant subsection of Section 3582, a sentencing court must find that A) petitioner has exhausted administrative remedies; B) extraordinary and compelling reasons warrant such a reduction; C) such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and D) the reduction is consistent with the sentencing factors set forth in Section 3553(a). *See* 18 U.S.C. § 3582(c)(1)(A)(i).

A defendant seeking relief under Section 3582(c)(1)(A) "bears the burden of showing that his release is justified." *See United States v. Patterson*, No. 06-CR-80, 2020 WL 3451542, at *1 (S.D.N.Y. June 23, 2020); *see also United States v. Vega*, 89-CR-229, 2020 WL 7060153, at *3 (E.D.N.Y. Dec. 2, 2020) (same).

### A. Exhaustion of Administrative Remedies

A defendant is considered to have exhausted all administrative remedies in an application for compassionate release following a denial by the Bureau of Prisons ("BOP") or the lapse of 30 days from the receipt of such a request by the warden, whichever is sooner. *See* 18 U.S.C. § 3582(c)(1)(A). Defendant filed a compassionate release request through appropriate channels at BOP on June 19, 2020. The Warden at FCI Butner Medium II denied defendant's request on June 23, 2020. Thus, the motion is now properly before this Court.

### B. Extraordinary and Compelling Circumstances

The Sentencing Commission states that extraordinary and compelling circumstances may exist based on defendant's specific medical condition, age, family circumstances, or other extraordinary and compelling reasons alone or in combination. *See* U.S.S.G. § 1B1.13 App. Note 1. Relevant here are Notes 1(A) and 1(B). Note 1(A) provides for compassionate release where the defendant "suffer[s] from a serious physical or medical condition" which "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." Note 1(B) provides for compassionate where "defendant (i) is at least 65 years old; (ii) is experiencing a serious

4

deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his…term of imprisonment, whichever is less." Defendant fails to meet either criteria.

Numerous courts in this District have found that health characteristics that place an individual at an elevated risk of serious illness or death from COVID-19 can constitute extraordinary and compelling circumstances in the context of the current pandemic. *See, e.g., United States v. Copeland*, 03-CR-1120 (FB), ECF No. 312 (E.D.N.Y. May 19, 2020); *United States v. Sedge*, 16-CR-537 (KAM), 2020 WL 2475071 (E.D.N.Y. May 13, 2020); *United States v. Hinton*, 17-CR-432 (BMC), ECF No. 167 (E.D.N.Y. May 12, 2020); *United States v. Asaro*, 17-CR-127 (ARR), ECF 176 (E.D.N.Y. Apr. 17, 2020).

A general risk of exposure to COVID-19 does not, in and of itself, warrant a reduction in sentence. *See Patterson*, 2020 WL 3451542, at *2; *United States v. Flores*, 15-CR-152 (RRM), ECF No. 47 (E.D.N.Y. Apr. 12, 2020). Rather, defendant must demonstrate that his medical condition(s) and characteristics make him more vulnerable to COVID-19 exposure. *See Patterson*, 2020 WL 3451542, at *2.

Defendant fails to demonstrate increased vulnerability to COVID-19. He alleges that his "chronic hypertension, cancer and other medical problems [sic] medical clinic fails to disclose or treat" make him vulnerable

5

to serious illness or death from COVID-19. (Dkt. No. 272). This is not borne out by the scientific evidence, however. First, defendant does not have active prostate cancer nor is he currently receiving immunosuppressive chemotherapy. Defendant fails to provide his recent medical records or clarify his prognosis, but the most recent medical records supplied by the government show that Defendant is in remission. (Dkt. No. 272, Ex. A). The scientific literature is uncertain whether a history of cancer increases one's risk of serious illness or death from COVID-19. *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html#cancer. There is similar uncertainty about the impact of hypertension on COVID-19. *See id.*

Moreover, his advanced age alone is not enough to warrant release. Defendant is sixty-five and this does make him more vulnerable to the disease. *Id.* However, advanced age alone without compounding medical risk factors fails to constitute an extraordinary and compelling reason warranting release. *See United States v. Alvarez*, 89-CR-0229 (JS), 2020 WL 4904586, at *1 (E.D.N.Y. Aug. 20, 2020); *United States v. Haney*, 454 F.Supp.3d 316, 322-23 (S.D.N.Y. 2020).

Defendant also alleges that he satisfies the criteria of Note 1(B). Though Defendant satisfies criteria (i) and (iii), critically Defendant does not

6

demonstrate that he "is experiencing a serious deterioration in physical or mental health because of the aging process." U.S.S.G. § 1B1.13 App. Note 1(B). Defendant writes that his medical conditions *may* put him at risk for more serious medical conditions in the future but does not complain of any current deterioration. Correspondingly, Defendant's recent medical records report that he "feels well and voices no complaints" and that BOP is properly managing his care. (Dkt. No. 274, Ex. A).

### C. Danger to the Community

The relevant Sentencing Commission Policy Statement also requires the Court to consider whether the defendant is a danger to the community. *See* U.S.S.G. § 1B1.13(2). In doing so, the Court considers the following factors: 1) the nature and circumstances of the offense; 2) the weight of the evidence against the person; 3) the person's history and characteristics; and 4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. *See* 18 U.S.C. § 3142(g).

Defendant is a violent former high-level cocaine trafficker. His history and characteristics indicate that he is a continued danger to the community. In furtherance of his narcotics operation Defendant ordered multiple violent criminal acts, including murder, attempted murder, assault, and arson. Most seriously, Defendant ordered the murder of thirteen people. *See id.* ¶¶ 13-

14, 16, 22-4, 25, 27-28, 30-35, 37-38, 40-45. Notably, Defendant did not only order the execution of former associates and competitors, but he also ordered the execution of an innocent car insurance agent who refused to reimburse him due to his nonpayment of premiums. *Id.* ¶¶ 13-14.

### D. Section 3553(a) Factors

Finally, the Court considers the Section 3553(a) factors. *See* 18 U.S.C. § 3582; U.S.S.G. § 1B1.13; *see also United States v. Gotti*, 02-CR-743, 2020 WL 497987, at *2 (S.D.N.Y. Jan. 15, 2020). Here they weigh against release. As discussed above, Velazquez's history and characteristics as the leader of a violent narcotic trafficking operation do not support release.

Moreover, the need "to afford adequate deterrence to criminal conduct" weighs against a sentence reduction. 18 U.S.C. § 3553(a)(2)(B). Defendant was the organizer of a violent narcotics distribution ring that distributed multi-ton quantities of cocaine. The Drug Enforcement Administration ("DEA") estimates that Velazquez organization imported and distributed between 700 and 1,000 kilograms of cocaine per month between 1989 and 1992. PSR ¶ 2. Velazquez's continued incarceration is not only necessary to deter Defendant from resuming his narcotics trafficking operation, but also to deter others from participating in the drug trade.

## Conclusion

For the foregoing reasons, Velazquez's motion for compassionate release is DENIED.

Dated: April 26, 2021
Brooklyn, New York

signed Sterling Johnson, Jr., U.S.D.J.

Sterling Johnson, Jr., U.S.D.J.